IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER P., | Civil No. 1:26-cv-03085-MWJS |
| Petitioner, | ORDER DENYING RESPONDENTS' MOTION TO DISMISS AND |
| vs. | DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT |
| TODD BLANCHE, *et al.*, | PREJUDICE |
| Respondents. | A# 131-504-904 |

### INTRODUCTION

Petitioner Peter P.[1] is detained at the California City Detention Facility pending

the resolution of his removal proceedings.  He seeks a writ of habeas corpus under 28

U.S.C. § 2241 and a temporary restraining order directing his immediate release from

immigration custody.  Dkt. Nos. 1, 7.  Respondents move to dismiss on the ground that

Petitioner has not exhausted his available administrative remedies:  Petitioner was

given a bond hearing before an immigration judge, received an adverse ruling,

appealed that ruling to the Board of Immigration Appeals (BIA), and filed this action

while his BIA appeal remains pending.  Dkt. No. 7.  For the reasons that follow, the

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

court denies Respondents' motion to dismiss but also denies Petitioner's habeas petition without prejudice.

## BACKGROUND

Petitioner was admitted to the United States as a nonimmigrant on January 31, 2019, and was authorized to remain in the country through January 2025. Dkt. No. 11, at pgs. 10, 14. In October 2025, the government sought to remove him for two reasons: because Petitioner was "a nonimmigrant who remained in the United States for longer than permitted" in violation of 8 U.S.C. § 1227(a)(1)(B), and because on November 17, 2022, Petitioner violated the conditions of his nonimmigrant status when he was convicted in California state court of "Possession of Obscene Materials depicting minors in a Sex Act." *Id.* at pg. 14. As a result of this conviction, he was sentenced to 120 days in jail and one year of probation, and was required to register as a sex offender.

On October 22, 2025, Petitioner appeared for an adjustment of status interview at an United States Citizenship and Immigration Services field office in Santa Clara, California. Upon arrival, he was detained by officers from Immigration and Customs Enforcement (ICE). *Id.* at pg. 88; Dkt. No. 1-1, at pg. 9. He has remained detained in ICE custody ever since.

The parties here agree that Petitioner is detained under 8 U.S.C. § 1226(a) and is therefore eligible for bond. So on January 14, 2026, Petitioner appeared before an immigration judge ("IJ") by video and sought to be released on bond with restrictions

2

during the pendency of his removal proceedings. Dkt. No. 1-1, at pg. 9-10. At the hearing, Petitioner was represented by counsel, who "presented evidence regarding [Petitioner's] personal circumstances, including his long-term marriage, family ties, and pending application for adjustment of status." *Id.* at pg. 10. Both Petitioner and his spouse also testified under oath at the hearing: Petitioner testified to "the circumstances of the underlying conduct" surrounding his criminal conviction, while his spouse testified about "their relationship and home environment" and his ability to "ensure compliance with any restrictions placed on Petitioner." *Id.* Counsel for the Department of Homeland Security relied on Petitioner's conviction to establish his dangerousness. *Id.* After hearing argument from both parties, the IJ asked questions of Petitioner, including about "the circumstances surrounding his conviction" and "what law enforcement officers might say about Petitioner's conduct," as well as about a search warrant executed at Petitioner's residence in connection with his sex offense arrest and the seizure of his electronic devices. *Id.*

The IJ denied bond, explaining that Petitioner's sex offense conviction was a "dangerous crime" that was "recent and serious" and threatened children, whom the IJ considered "particularly vulnerable." *Id.* at pg. 11, *see also* Dkt. No. 11, at pg. 92. For these reasons, the IJ concluded that "bond is wildly inappropriate." *Id.* Petitioner appealed the IJ's decision to the BIA on February 12, 2026. *See* Dkt. No. 1-5. He represents, however, that as of the date of the filing of his habeas petition over two

3

months later, the BIA had not yet "produced a briefing schedule, produced a transcript, or issued the official IJ decision." Dkt. No. 1-1, at pg. 8.

Petitioner filed the instant habeas petition and motion for a temporary restraining order on April 22 and 23, respectively, arguing that the IJ's bond denial violated his due process rights. Dkt. No. 1; Dkt. No. 7. His removal proceedings remain ongoing, and his BIA appeal apparently remains pending. Respondent filed the pending motion to dismiss on May 6, 2026. Dkt. No. 11. The matter is now fully briefed and neither party has requested oral argument.

## DISCUSSION

### A.      Exhaustion

In their motion to dismiss, Respondents argue that "Petition has not exhausted his administrative remedy since his appeal of the immigration judge's order denying bond is pending before the BIA," and therefore "his habeas petition must be dismissed for failure to exhaust administrative remedies." Dkt. No. 11, at pg. 4.

It is generally true that for habeas claims, "[i]f a petitioner fails to exhaust . . . administrative remedies, then a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (cleaned up). Exhaustion of administrative remedies may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper

4

decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (cleaned up).  But because the exhaustion requirement for habeas claims is prudential rather than jurisdictional, *see Hernandez*, 872 F.3d at 988, courts may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void."  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (cleaned up).

Both parties offer arguments for why the factors outlined by the Ninth Circuit in *Puga* favor their position.  And Petitioner's argument that he is facing significant prejudice due to the BIA's apparently dilatory handling of his appeal is not without some force.  *See, e.g., Minango v. Bondi*, No. 2:26-cv-00235, 2026 WL 1257028 (D. Nev. May 6, 2026) ("[D]istrict courts in the Ninth Circuit routinely waive prudential exhaustion requirements for noncitizens facing prolonged detention while awaiting administrative appeals.").  But because Petitioner ultimately is not entitled to relief on the merits of his habeas petition, the court will not further address the parties' exhaustion arguments and will instead proceed to the merits.  *See Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (explaining that exhaustion may be bypassed when the claims in a habeas petition are resolvable against the petitioner).

B.    Due Process

Petitioner offers two main categories of argument for why the IJ's denial of bond violated his due process rights.  First, he asserts that the IJ "failed to apply the correct legal standard to the facts of this case."  Dkt. No. 1-1, at pg. 13-18.  Second, he contends that the IJ "failed to meaningfully discuss" or consider evidence that Petitioner "no longer poses a danger to the community."  *Id.* at pgs. 18-24.  Neither argument is persuasive.

Petitioner's argument that the IJ applied an incorrect legal standard to the bond determination rests on his belief that the government bore the "burden of proving dangerousness or flight risk by clear and convincing evidence."  *Id.* at pg. 14.  As a result, Petitioner contends, the IJ committed legal error by failing to explain "how the government met its burden of establishing" that Petitioner is a "danger to the community."  *Id.* at pg. 15.  But this argument is based on an incorrect description of the burden of proof required at § 1226(a) bond hearing.  Under governing BIA precedent, the noncitizen is required to establish by a preponderance of the evidence that he would not pose a flight risk or a danger to the community if granted release.  *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).  To the extent that Petitioner's claim may be construed as an argument that by allocating the burden of proof to Petitioner, the IJ violated his constitutional right to receive due process, that argument is foreclosed by *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), in which the Ninth Circuit

upheld the constitutionality of the allocation of the burden of proof to noncitizens in §

1226(a) hearings.  *See id.* at 1210-11.

The cases cited by Petitioner do not compel a different result.  To be sure, there

are instances in which the government must prove dangerousness or risk of flight by

clear and convincing evidence.  As an example, Petitioner cites *Martinez v. Clark*, 124

F.4th 775 (9th Cir. 2024), in which the government was held to that standard.  But the

government bore that burden in *Martinez* only because "the district court [had] ordered

the bond under the Due Process Clause" on the grounds that the petitioner's detention,

ordinarily authorized by statute, had become unconstitutionally prolonged; under those

circumstances, constitutional obligations, rather than statutory commands, required the

government to prove its case by clear and convincing evidence.  124 F.4th at 784; *see also*

*Martinez v. Clark*, Case. No. 18-cv-01669, 2019 WL 5962685, at *1 (W.D. Wash. Nov. 13,

2019).  No such heightened procedures applied to Petitioner's standard § 1226(a)

hearing.  And Petitioner does not dispute that his was a statutory hearing.  *See, e.g.*, Dkt.

No. 12, at pgs. 18-20 (contending that the IJ misapplied the burden that applies to a

§ 1226(a) hearing).  Since the government properly did not bear the burden of proof at

Petitioner's bond hearing under that statute, the court cannot agree that the IJ erred by

placing the burden on Petitioner or that the government failed to meet a burden it

should have carried.  *Accord Gomez v. Warden of the Golden State Annex ICE Detention*

*Facility*, No. 1:25-cv-01724, 2026 WL 1146060, at *3 (E.D. Cal. Apr. 28, 2026), *report and*

*recommendation adopted,* 2026 WL 1257845 (E.D. Cal. May 7, 2026); *Santibanez Vazquez v. Warden of Cal. City Corr. Ctr.*, No. 2:26-cv-00547, 2026 WL 947251, at \*2 (E.D. Cal. Apr. 8, 2026), *report and recommendation adopted*, 2026 WL 1147428 (E.D. Cal. Apr. 27, 2026).

Petitioner's argument that the IJ "failed to meaningfully discuss probative evidence that the petitioner no longer poses a danger to the community" and "failed to meaningfully consider relevant evidence when assessing whether . . . the totality of the circumstances warrant bond" fares no better.  Dkt. No. 1-1, at pgs. 18, 22.  Although a "dangerousness" determination is reviewable as a mixed question of law and fact, *see Martinez*, 124 F.4th at 779-80, the district court's review of that determination is for abuse of discretion, *id.* at 784-85.  And under an abuse of discretion standard, the court "cannot reweigh evidence," but can only "determine whether the [agency] applied the correct legal standard.  *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014) (cleaned up). In other words, "[i]n reviewing the IJ's determination," the court's review must be "limited to whether the IJ's decision reflects clear legal error or is unsupported sufficient evidence."  *Quan v. Barr*, No. 20-cv-08118, 2021 WL 308610, at \*4 (N.D. Cal. Jan. 29, 2021) (cleaned up).

On the record before it, the court cannot say that the IJ's decision reflects clear error or rested on insufficient evidence.  The IJ heard arguments from counsel, considered evidence, and listened to the sworn testimony of Petitioner and his spouse— including substantial mitigation evidence—before concluding that, in his view,

Petitioner had "minimized" the seriousness of "recent and serious" criminal conduct that posed a real danger to a "particularly vulnerable" group. *See* Dkt. No. 1-4; Dkt. No. 11, at pg. 92. Petitioner argues vigorously that "no reasonable adjudicator could [have] conclude[d] that Petitioner poses a current danger to the community." Dkt. No. 1-1, at pg. 24. But as noted, the court cannot reweigh the evidence underlying a dangerousness determination, so "[t]o the extent that Petitioner asks the Court to second-guess the IJ's weighing of the evidence, that claim is directed solely to the IJ's discretion and is unreviewable." *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1138-39 (N.D. Cal. 2017). And despite Petitioner's further argument that the IJ failed to "meaningfully discuss" certain evidence that he believes supported granting bond, an "IJ [is] not required to discuss every piece of evidence" before him so long as it does not appear that the IJ failed to consider Petitioner's evidence. *Gutierrez v. Garland*, 106 F.4th 866, 880 (9th Cir. 2024). Again, the court cannot agree on the record before it that the IJ— who actively engaged counsel for both parties in argument and conducted a colloquy with both Petitioner and his spouse—did not consider all of the evidence before him. *See generally* Dkt. No. 1-4.

Because the court finds no basis to conclude that Petitioner did not receive constitutionally adequate process in connection with his January 2026 bond hearing, at least on the current record, the petition must be denied.

## CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss, Dkt. No. 11, is DENIED.   The petition for writ of habeas corpus, Dkt. No. 1, is DENIED without prejudice.  Petitioner's motion for temporary restraining order, Dkt. No. 7, is therefore DENIED AS MOOT.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  June 3, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-03085-MWJS; *Peter P. v. Todd Blanche, et al.*; ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, DENYING RESPONDENTS' MOTION TO DISMISS, AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE